IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S, | )<br>)<br>) | |
|       Plaintiffs, | )<br>) | C.A. No. 22-856 (CFC)<br>CONSOLIDATED |
|    v. | )<br>) | |
| ORBICULAR PHARMACEUTICAL<br>TECHNOLOGIES PVT. LTD., et al., | )<br>)<br>)<br>) | **ANDA CASE**<br><br>REDACTED - PUBLIC VERSION |
|       Defendants. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM
TRAVIS J. MURRAY REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Jeffrey J. Oelke
Ryan P. Johnson
Robert E. Counihan
Laura T. Moran
Erica R. Sutter
Olivia L. Wheeling
FENWICK & WEST LLP
902 Broadway, Suite 18
New York, NY 10010-6035
(212) 430-2600

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Novo Nordisk Inc. and
Novo Nordisk A/S*

Original filing date: October 24, 2023
Redacted filing date: October 31, 2023

Dear Judge Burke:

I write on behalf of Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively "Novo Nordisk") to respectfully request the Court to compel Defendants Orbicular Pharmaceutical Technologies Pvt. Ltd., Cipla Ltd., Cipla USA, Inc. (collectively "Orbicular"), Biocon Ltd., Biocon Pharma Ltd., and Biocon Pharma, Inc. (collectively "Biocon"); and Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. (collectively "Sun", and, together with Orbicular and Biocon, "Defendants") to produce witnesses who have been noticed for deposition by oral examination, in accordance with Fed. R. Civ. P. 30.

I.      **Factual Background**

Document Production:

The deadline for the substantial completion of document production was initially July 28, 2023. D.I. 80. At the request of Biocon and Sun, all parties agreed to a two-week extension to August 11, 2023. D.I. 178. Sun requested an additional extension to August 25, 2023, to which Plaintiffs agreed. D.I. 185.

Discussions Regarding Deposition Logistics:

On June 2, 2023, pursuant to the Scheduling Order, all parties to this consolidated case met and conferred telephonically regarding deposition logistics. During the call, Plaintiffs indicated their preference for in-person depositions, in accordance with Paragraph 13(f)(i) of the Scheduling Order. Novo Nordisk also raised concerns with taking any deposition testimony (whether live or remote) in any foreign jurisdiction without following appropriate procedures prescribed by foreign law or treaty law. Plaintiffs informed Defendants that some of Plaintiffs' witnesses reside in Denmark, which does not allow U.S. depositions to be taken without prior permission from the Danish government. Plaintiffs therefore offered that the United Kingdom may be a suitable compromise for depositions of witnesses who resided in countries with deposition restrictions.

On August 25, 2023, Plaintiffs served Fed. R. Civ. P. 30(b)(6) deposition notices. D.I. 196-98.

On September 1, 2023, after promptly reviewing Defendants' document productions to identify relevant witnesses, Plaintiffs served Rule 30(b)(1) deposition notices. D.I. 209-23; *see also* D.I. 247-48. Also on September 1, and having not heard from Defendants, Plaintiffs reminded Defendants of the restrictions in certain countries on taking U.S. depositions. Ex. 1, Email from L. Moran to Defendants, Sept. 1, 2023. Plaintiffs indicated that they would agree to depose Defendants' witnesses in London should the witnesses' home countries have such restrictions. *Id*.

On September 8, 2023, Defendants indicated that for Indian-national witnesses they "believed the best path forward is to allow for remote depositions," and further stated that they were "not aware of any law that would be violated by witnesses appearing willingly in India for a remote deposition . . . ." Ex. 2, First Email from K. Cassidy to Novo Nordisk, Sept. 8, 2023. Plaintiffs responded the same day, reiterating their preference for in-person depositions, and noting that the law appears unsettled with respect to depositions in India given, e.g., U.S. State Department Guidance which states that "[v]oluntary depositions of Indian national and third

country nationals [taken in India] require prior permission of the Indian Central Authority for the Hague Evidence Convention." Ex. 3 Email from L. Moran to Defendants, Sept. 8, 2023 (citing Ex. 4, U.S. State Dep't, Judicial Assistance Country Information: India (Nov. 15, 2013)). Counsel for Orbicular, speaking on behalf of both Orbicular and Biocon, responded on September 8, indicating that they were "looking into whether it is possible for [their] witnesses to come to the United States within the fact discovery period." Ex. 5, Second Email from K. Cassidy to Novo Nordisk, Sept. 8, 2023.

On Tuesday, September 12, 2023, the parties met and conferred further to discuss deposition logistics. Plaintiffs clarified that they were not demanding that Defendants' witnesses travel to the United Kingdom specifically. Rather, Plaintiffs only sought to ensure that appropriate permissions were attained if depositions were taken in India or that depositions be taken in countries without legal restrictions. To assist, Plaintiffs identified for Defendants' consideration alternative countries closer to India where Plaintiffs believed the depositions could proceed remotely or in-person. *See* Ex. 6, Email from L. Moran to Defendants, Sept. 12, 2023.

Defendants individually responded to Plaintiffs' proposal. On September 18, 2023, Biocon rejected the idea of depositions in an alternative host country and further proposed that Plaintiffs withdraw four of their five 30(b)(1) deposition notices in exchange for Biocon making a 30(b)(6) witness available in the United States[1]. Ex. 7, Email from M. Holub to Plaintiffs, Sept. 18, 2023. Orbicular informed Plaintiffs that it would begin the process of applying for U.S. visas for witnesses who require them[2]. However, on September 22, 2023, Orbicular also indicated that it would "not agree to [Plaintiffs] modifying or supplementing [Plaintiffs'] contentions or expert reports following any belated deposition. . .." Ex. 8, Email from K. Cassidy to Plaintiffs, Sept. 22, 2023. Sun responded substantively on October 5, 2023, indicating that it would make a 30(b)(6) witness available for deposition in the United States on November 21, 2023, and proposing that Plaintiffs "depose Sun's 30(b)(6) witness and revisit, what, if any, [of the five noticed] 30(b)(1) deponents with non-duplicative information relevant to the issues in the case Plaintiffs believe are necessary." Ex. 9, Email from K. Beis to Plaintiffs, Oct. 5, 2023.

## II. Plaintiffs' Respectfully Request That the Court Compel the Depositions and Permit Out-of-Time Amendments to Contentions and Expert Reports Limited to Knowledge Obtained from Such Depositions

Plaintiffs made known their preference for in-person depositions at least as early as June 2, 2023. Neither the notices themselves, nor Plaintiffs' logistical preferences, could have surprised Defendants. Likewise, it should be of no surprise to Defendants that some Indian based witnesses would be noticed for depositions. *See, e.g.*, Exs. 10-13 ; *see also* Ex. 14, Order, *Veloxis Pharms., Inc. v. Accord Healthcare, Inc.*, C.A. No. 22-909-JDW, D.I. 94 (D. Del. Sept. 8, 2023) (ordering in-person depositions of noticed Indian witnesses because "Defendants have elected to do business in the United States in an industry likely to result in litigation, so they should reasonably expect to participate in discovery in the United States, including depositions.").

---

[1] Plaintiffs did not initially notice this individual as they understood his knowledge to be limited to a patent no longer asserted against Biocon.
[2] Plaintiffs understand that this process can take many months.

2

Nevertheless, as a compromise, Plaintiffs agreed they would be willing to conduct remote depositions, *provided* the parties obtain Court permission to do so.  Ex. 6.  Defendants have repeatedly proposed taking remote depositions with the witnesses sitting in **India**, but it is unsettled in this District whether or not the parties can proceed in doing so.  Courts in this District have not taken a definitive position on whether it is appropriate to depose a witness remotely when State Department guidance suggests certain approvals may be needed from the witness's country of residence, but approval to do so has previously been ordered.  *See* Ex. 15, Stipulation and Order Regarding Foreign Depositions, *Amgen Inc. v. Sandoz Inc., et al.*, C.A. No. 18-11026 (MAS)(DEA) (consolidated) (D.N.J. Apr. 23, 2020) (D.I. 228); *but see* Ex. 16, Oral Order, *Par Pharm., Inc. v. Amneal Pharms. of N.Y., LLC*, C.A. No. 18-2032-CFC (D. Del. Jan. 8, 2021) ("The Court is concerned about the legality of [Witness]'s deposition [taken in Germany] and whether the deposition may be used during trial. . . .).  Plaintiffs are accordingly not willing to conduct remote depositions of witnesses sitting in India without the Court's prior approval, but Plaintiffs have consistently tried to present reasonable alternatives for conducting the depositions of Defendants' witnesses.

To resolve this impasse and ensure that Plaintiffs obtain discovery consistent with the Federal Rules, Plaintiffs respectfully request that this Court issue an order compelling Defendants to make their witnesses available for depositions in this District, or elsewhere in the United States.[3]  Alternatively, Plaintiffs request permission from this Court that they may conduct remote depositions of witnesses sitting in India.  Due to the current stage of the case, Plaintiffs also request that this Court enter an order providing for the amendment of contentions and expert reports in view of information gleaned from fact depositions occurring after the October 10 and October 20, 2023 closes of fact discovery.  D.I. 251, 259.

Respectfully,

*/s/ Travis J. Murray*

Travis J. Murray (#6882)

cc:      All Counsel of Record (via electronic mail)

---

[3] Plaintiffs also remain willing to take remote depositions of Defendants' Indian-based witnesses in a country more convenient than the United States.